UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELLIOTT HOLLY,

    Plaintiff,

v.

HENNEPIN COUNTY,

    Defendant.

Civil No. 06-1394 (JMR/FLN)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner of the State of Minnesota, commenced this action by filing a complaint and an application to proceed in forma pauperis, ("IFP"). This Court reviewed Plaintiff's IFP application and concluded that he was ineligible for IFP status under the "three strikes rule" set forth at 28 U.S.C. § 1915(g).[1] Therefore, by order dated April 14, 2006, (Docket No. 6), the Court denied Plaintiff's IFP application, and directed him to pay the full $350 filing fee prescribed by 28 U.S.C. § 1914(a). That order expressly advised Plaintiff that if he did not pay the full filing fee by May 5, 2006, the Court would recommend that this action be summarily dismissed.

The deadline for paying the filing fee has now passed, and Plaintiff has not paid it.[2]

---

[1] Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] Plaintiff appealed the order that required him to pay the full filing fee, but that order was upheld by Chief District Court Judge James M. Rosenbaum on May 26, 2006. (Docket No. 9.) Two months have passed since Plaintiff was first ordered to pay his filing fee, and several weeks have now passed since the fee-payment order was upheld by the District

Therefore, in accordance with the Court's prior order, it is now recommended that this action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's collateral motions seeking appointment of counsel, (Docket No. 4), and to "remove judges," (Docket No. 9), be summarily denied.

RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's motion for appointment of counsel, (Docket No. 4), and motion to "remove judges," (Docket No. 9), be DENIED; and

2.  This action be SUMMARILY DISMISSED WITHOUT PREJUDICE.

Dated: June 26, 2006

          s/ *Franklin L. Noel*
          FRANKLIN L. NOEL
          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 14, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

Court Judge. To date, however, Plaintiff has offered no reason to think he intends to pay his $350 filing fee as ordered.